BLUE, Acting Chief Judge, Specially
concurring.
In our previous decision in this case, Pitts v. State, 26 Fla. L. Weekly D739 (Fla. 2d DCA Mar.14, 2001), we reversed the sentence because the prosecutor sought prison releasee reoffender sanctions, which the trial court declined to impose. Under State v. Cotton, 769 So.2d 345 (Fla.2000), the discretion on whether to impose these sanctions rests with the prosecutor. Based on the recently decided case of Huggins, 26 Fla. L. Weekly S174, — So.2d —, we have granted rehearing and withdrawn our previous opinion because prison releasee reoffender sanctions do not apply to burglary of an unoccupied dwelling. Therefore, we now affirm the trial court’s sentence. Notwithstanding the unavailability of prison releasee reof-fender sanctions here, I continue to believe that the legislature should reconsider the assignment of discretion for sentencing de *196 cisions required by the Prison Releasee Reoffender Punishment Act.[1]
This case, from the record before our court, involves an unseemly domestic altercation between Pitts and his ex-girlfriend. Pitts broke into the victim’s apartment when she was away, cut up some clothes, and left a vulgar message written in lipstick on the mirror. The victim’s apartment had been Pitts’ residence until shortly before the charged incident. For reasons not apparent from the record, the victim did not testify at trial. The victim did appear at sentencing and requested that Pitts be spared prison releasee reof-fender sentencing. The trial court agreed with the victim and imposed a guidelines sentence of forty months in prison. The State objected to the guidelines sentence and requested prison releasee reoffender sentencing. The prison releasee reoffen-der sentence would have been a mandatory fifteen years.
That sentence, if imposed, would result not from the discretion of the trial judge but from the judgment of an assistant state attorney. I am troubled by the unre-viewable nature of a prosecutor’s exercise of discretion. See Schaeffer v. State, 779 So.2d 485, 488 (Fla. 2d DCA 2000) (Seals, Assoc.J., concurring) (noting that the prison releasee reoffender act “does not require the prosecutor to consider anything in the exercise of its discretion because the prosecutor’s decision cannot be challenged, appealed or set aside”). We know the trial judge obtained the position by election of the voters in the circuit or by a judicial nominating committee’s recommendation and subsequent appointment by the governor. However, the legislature has chosen to place the discretion for the sentencing decision under the act with an assistant state attorney.
I do not know the assistant state attorney in this case, nor the reason he or she chose to exercise the significant discretion permitted by the prison releasee reoffen-der act. I would feel much more comfortable with a decision to impose prison re-leasee reoffender sentencing if I knew the assistant state attorney making this decision was subjected to the same scrutiny when he or she became a prosecuting attorney as are the trial judges of this state when they take the bench. The problem is compounded because appellate courts have no ability to review these decisions by assistant state attorneys under the abuse of discretion standard that we routinely apply to decisions by our trial judges. Accordingly, I urge the legislature to return sentencing discretion to the trial courts.

. It is also my opinion that the sentencing discretion taken from the courts and placed in the hands of the state attorneys creates a constitutional violation of separation of powers. I accept, however, that my position is not the law of this state. See State v. Cotton, 769 So.2d 345 (Fla.2000).